**UNION ELECTRIC COMPANY, a Missouri Corporation, Respondent,**

**v.**

**William C. SAALE, Appellant.**

**No. 50150.**

Supreme Court of Missouri,

Division No. 2.

March 9, 1964.

Opinion Modified on Court's Own Motion April 13, 1964.

Motion to Modify, for Rehearing or to Transfer to Court En Banc Denied April 13, 1964.

N. Murry Edwards, St. Louis, Ninian M. Edwards, Clayton, B. Richards Creech, St. Charles, for appellant.

Robert V. Niedner, Niedner, Niedner & Moerschel, St. Charles, for respondent.

STOCKARD, Commissioner.

Plaintiff-respondent sought by condemnation to obtain from appellant-landowner the title to 127.24 acres of land in St. Charles County constituting a part of a tract of 134 acres upon which (with other land) respondent intends to erect a power plant with the necessary appurtenances for the generation and distribution of electric energy throughout its system. Both parties filed exceptions to the award of the commissioners, and a jury trial on the issue of damages resulted in a verdict of $98,688 in favor of appellant. The trial court sustained respondent's motion for a new trial, and appellant has appealed from that order.

The ground specified by the trial court for granting the new trial was that the court "erred in the admission of defendant's evidence as to the value of the farm (which was zoned for agricultural use) for *industrial* use without evidence being offered that there was a reasonable likelihood or probability that the Zoning Order would be changed in the reasonably near future so as to permit its use for industrial purposes." The trial court then stated that as the result of this erroneous action "other errors followed," giving some examples, but the determinative issue on this appeal is the correctness of the above ground for granting the new trial.

Prior to the taking by condemnation, the land in question was farm land being used

solely for farming purposes. It is located approximately six miles from the city of West Alton, and fifteen miles from the city of St. Charles. Pursuant to Sections 64.510 to 64.690 (all statutory references are to RSMo 1959, V.A.M.S.,) St. Charles County adopted a "county plan" for the zoning of certain areas of the county, including the land in question, and pursuant thereto the land had been and was at the time of the taking by condemnation zoned "agricultural," but the authorized uses of the areas so zoned included the establishment thereon of "residential subdivisions," according to the county zoning enforcement officer, and certain other activities by reason of Section 64.560. The authorized uses did not include industrial purposes generally. The record does not indicate that appellant had sought a change in the zoning classification of his land, and he does not challenge the validity of the zoning regulations.

In the course of the trial, over the objection of respondent, the trial court permitted appellant to introduce evidence in the form of the testimony of appellant and several expert witnesses to the effect that the highest and best use of appellant's land was for industrial purposes generally, and also to introduce evidence of the value of the land for that purpose. Appellant did not attempt to show a reasonable probability that the zoning regulations would in the reasonably near future be changed to permit such use.

■ "Just compensation" for the taking by condemnation of a part of a tract of land, Mo.Const.1945, Art. I § 26, V.A.M.S., generally speaking, is the fair market value of the land actually taken, and the consequential damages, if any, to the remainder of the land caused by the taking. City of St. Louis v. Vasquez, Mo., 341 S.W. 2d 839; City of St. Louis v. Kisling, Mo., 318 S.W.2d 221, 224. The fair market value of the land taken is what a reasonable buyer would give who was willing but did not have to purchase, and what a seller would take who was willing but did not

have to sell. In re Armory Site in Kansas City, Mo., 282 S.W.2d 464; State ex rel. Board of Regents for Central Mo. State College v. Moriarty, Mo.App., 361 S.W.2d 133; 29 C.J.S. Eminent Domain § 137. In the determination of what constitutes the fair market value the jury may consider uses of the land for which it is reasonably adapted or suited and for which it is *available*, having regard to the existing business wants of the community, or such as may be reasonable expected in the future. State of Missouri ex rel. State Highway Commission v. Williams, Mo., 289 S.W.2d 64. When the land is *not available* for a certain use by reason of a zoning restriction, its suitability or adaptability for such use may be shown as affecting its value as of the time of the taking if, but only if, the evidence indicates a reasonable probability of a change in the zoning restriction in the reasonably near future. The rule is well stated in Orgel on Valuation Under Eminent Domain (2d Ed.), § 34, p. 167, and quoted in State of Missouri ex rel. State Highway Commission v. Williams, supra, 289 S.W.2d at p. 66 and 67, as follows: "It is generally held that although an ordinance may prohibit the use of the property for certain purposes at the time of condemnation, yet if there is a reasonable probability that the ordinance may be changed or an exception made, the value for that purpose *as affected by the existing ordinance* may be considered." (Italics added.) Whether such probability of a change exists is a question of fact, Nichols on Eminent Domain, (3rd Ed.), § 12.322[2], Vol. 4, p. 251, and whether there exists an exception as to some use either by the terms of the zoning ordinance or by statute is a question of law. However, if there is a showing of a reasonable probability of a change or the creation of an exception, "an important *caveat* to remember in applying the rule is that the property must not be evaluated as though the rezoning were already an accomplished fact. It must be evaluated under the restrictions of the existing zoning and consideration given to the impact upon market value of

the likelihood of a change in zoning." Nichols on Eminent Domain (3rd Ed.), § 12.322[1], Vol. 4, p. 245; State ex rel. Morrison v. McMinn, 88 Ariz. 261, 355 P.2d 900.

■ In this case the land was zoned for agricultural and certain other uses not here material, but the use of the land for industrial purposes generally was not permitted, and appellant made no attempt to show that there was at the time of the taking a reasonable probability that the land would be rezoned. Appellant's position is that respondent is acquiring the land by condemnation to use it for an industrial purpose, the construction of a power plant to generate electricity, and that this establishes as a matter of law that there is a reasonable probability that the zoning restrictions will be changed in the reasonably near future to permit an industrial use generally. We should here note that if this were so, appellant still did not submit the issue of value to the jury according to the *caveat* previously mentioned. Respondent contends, however, that it is entitled to use the land for the purposes alleged in its petition in condemnation without the necessity of any change in the zoning regulations.

■ Section 64.620 of the applicable county zoning enabling act (Sections 64.-510–64.690) provides that the "powers granted by sections 64.510 to 64.690 shall not be construed * * * to authorize interference with such public utility services as may have been or may hereafter be authorized or ordered by the public service commission or by permit of the county court, as the case may be." When the purpose of this exception to the powers granted by the enabling act is considered, it is obvious that the intent and purpose of the legislature was that a county which adopts and approves a county plan for zoning, as authorized by Sections 64.510 to 64.690, cannot by zoning restrictions limit or prohibit the use of land by a public utility to provide authorized utility services. This would necessarily include the use of land by a public utility to construct a power plant to generate electric energy for distribution to the public. The public utility services of respondent include the supplying of electric energy to the public generally, and electric energy cannot be supplied unless it is produced. Assuming that he would be entitled to do so, appellant did not in his pleadings specifically challenge the right of respondent to condemn the land and use it for the purpose of the construction thereon of a power plant to supply its public utility services on the ground that the zoning restrictions prohibited such use. The only such challenge occurred in connection with an objection to evidence, and the real issue at the trial was the amount of damages for the taking of the land. However, by reason of the zoning regulations, regardless of the adaptability of the land, it was not *available* to be used for industrial purposes generally by appellant or any one else, including respondent.

The trial court received in evidence the testimony of several witnesses offered by appellants that the land was adapted to industrial use generally when in fact it was not available for that use, and they expressed their opinions as to the value of the land based upon that unavailable use. The admission of this testimony over objection was erroneous, and it was upon this ground that the new trial was granted. For the above reason the order granting a new trial should be and is affirmed.

It is so ordered.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.