**Fred D. FRAHER et al., Plaintiffs-Appellants,**

**v.**

**DEPARTMENT OF PUBLIC HEALTH AND WELFARE, Defendant-Respondent.**

**No. KCD 25843.**

Missouri Court of Appeals, Kansas City District.

July 25, 1972.

Rehearing Denied Sept. 7, 1972.

The Legal Aid & Defender Society of Greater Kansas City, Kansas City (Paul T. Miller, Executive Director, Kansas City, Donald O. Tripp, Managing Atty., Clay County Civil Div., Liberty, of counsel), for plaintiffs-appellants.

Elmore G. Crowe, Edward D. Summers, Jefferson City, for defendant-respondent.

WASSERSTROM, Judge.

This litigation is occasioned by the action of the Director of the State Department of Public Health and Welfare in terminating Old Age Assistance to the appellant Silvia Fraher and total disability benefits to the appellant Fred D. Fraher. The appellants are husband and wife and will be referred to herein as the "claimants". From the adverse determination of the Director, they appealed to the circuit court which affirmed the Director's determination. Claimants have further appealed to this court.

The facts are that prior to December 7, 1968, the claimants lived in a home which is referred to in the record as Tract No. 1. Both claimants at that time were receiving State aid. The case worker who was reviewing their case advised them that their home on Tract No. 1 was not a suitable place for them and their two grandchildren to live, and he further advised them that they should try to find a more suitable home. At the same time, the case worker further advised them that there was a provision in Rule 13 under which "they would have two years before the property in which they were living which the case worker advised them to move away from before it became an available resource".

Pursuant to that advice from the case worker, claimants did enter into a contract for deed on March 1, 1968 for the purpose of a new home at a purchase price of $5,000.00, payable $50.00 per month. This new home is referred to in the evidence as Tract No. 2. On December 7, 1968, they sold their old home on Tract No. 1 under a contract for deed for the contract price of $8,000.00, payable $25.00 per month. On May 21, 1969, the situation created by those transactions was reviewed by the Department of Public Health and Welfare and benefits to the claimants were terminated "on the ground that they, or one of

them owns real estate which is an available resource under Rule 13".[1]

## I

We are met at the outset with a motion by the Director to dismiss this appeal for the reason that the claimants did not file an affidavit for appeal within 90 days after judgment in the circuit court. In making this motion, the Director relies on § 208.110 V.A.M.S. which provides that appeals from the circuit court shall be in the same manner as provided for appeals from the Director to the circuit court. The type of appeal last referred to is governed by § 208.100 which provides that any aggrieved applicant may appeal by filing within ninety days from the date of the decision of the Director an "affidavit for appeal" upon a form to be furnished by the Director.

Claimants did file a notice of appeal on June 29, 1971, to this court from the order of the circuit court which has been entered on March 31, 1971. Accordingly, the claimants did file an appeal within the required ninety days. That notice of appeal was not verified, but the deficiency was corrected on August 2, 1971, when an affidavit was filed as a supplement. We are unwilling to interpret the requirements of § 208.110 so technically as to destroy the claimants' right of appeal herein. We therefore hold that the adding of affidavit is a permissible amendment to the original notice of appeal and relates back to the filing of the original notice. This result can cause no prejudice to the Director and is in accordance with the spirit of liberality in pleadings and amendments which generally permeate all of our procedural rules.

## II

On review by the courts of a determination by the Director, the court is authorized by § 208.100(5) V.A.M.S. to determine whether the Director's decision was arbitrary and unreasonable. Pursuant to this authority, we find that the decision of the Director must be set aside and the proceedings remanded for redetermination, because there is no substantial evidence in the record to support the Director's finding

---

1. Rule 13 of the Department in effect at the date of hearing and prior to the later amendment increasing the value of property permitted to be retained, provided as follows:

"When an applicant or recipient or the spouse with whom he lives own real property which is not furnishing shelter for him, and its value is less than the statutory maximum, but its current market value is $750 or more if owned by a single person or more than $1500 if owned by a married person living with spouse, it shall be considered as a resource and the claimant will not be eligible for assistance on the basis of need, provided all of the following criteria which apply are met (the value of an equity in a life estate and of burial lots shall be excluded from this computation)

(a) For real property in which the applicant or recipient has lived:

1. 24 months have elapsed since the last date on which either the claimant or spouse have occupied the dwelling; except that the 24-month rule will not apply when a claimant or couple owns two pieces of property and lives part-time in each property—they shall be required to designate one of the properties as their home and the other property shall then be considered as an available resource immediately; also when a claimant purchases a second piece of property and uses it as a home, or when two claimants marry each of which owns the home in which he or she has been living—in such cases the vacated home shall be considered as an available resource immediately;

2. For town or city property, lots on which there is no dwelling and which adjoin the residence are considered a part of the home (regardless of the number of lots so long as they are in the same city block);

3. For rural property, the acreage on which the home is located, plus any adjoining acreage which is a part of that farming unit will be considered as part of the home. (Property will be considered as adjoining even though a road may separate two tracts, if the property is farmed as a single unit).

(b) For all other property:

The property is not being used directly by the applicant or recipient in the course of his business or employment."

that the value of the contract under which the claimants had sold Tract No. 1 exceeds $2,000.00.[2] This finding apparently seeks to bring the case within § 208.010, subd. 2(b)(3) V.A.M.S., which makes a claimant living with his wife ineligible if they own cash or securities exceeding $2,000.00.

The contract does call for the vendees to pay a total sum of $8,000.00. However, in order to make claimant ineligible, this contract must have a *market value* of $2,000.00. See Akers v. Division of Welfare, Mo.App., 224 S.W.2d 850. The face amount of this note is payable only at the rate of $25.00 per month, and at the time of the hearing the total amount which had been paid by the vendees was only $200.00. Under such circumstances it is unlikely that the contract's market value, if any, is equal to the face amount ultimately to be paid. Certainly such an equivalence cannot be assumed, and no finding with respect to value would be proper without something further by way of evidence.

█ The hearing officer realized this difficulty and attempted to supply the requisite proof of value by soliciting a stipulation from claimants' counsel. Although the attorneys for the Director in this court argue a different position, the hearing officer believed that the item to be evaluated was the tract of land itself, rather than the contract for sale.[3] Accordingly, he requested counsel for the claimants to stipulate that Tract No. 1 had a value exceeding $2,000.00. This counsel refused to do because of the depressing effect which the "outstanding and enforceable deed for contract would have on the sale value of the property." Thus, the only stipulation which appears in the record is that Tract No. 1 has a value exceeding $2,000.00, that value however, being without regard to the encumbrance created by the outstanding contract for deed.

The only evidence on this issue of value, other than the stipulation referred to above, was offered by the claimants. They produced a real estate appraiser who testified to a value for Tract No. 1 of $2,500.00, valued without regard to the outstanding contract of deed. When asked whether there would be a ready buyer for the Frah-

---

**2.** As stated in Lee v. State Department of Public Health and Welfare, Mo.App., 480 S.W.2d 305, l. c. 308: "[i]f there be no substantial or probative evidence to support the director's findings, his decision may not stand for it will be deemed arbitrary and unreasonable. [citing cases]"

**3.** Under the hearing officer's approach, the question of valuation is controlled by Rule 13, which provides as now amended that a claimant living with his wife may own a home not exceeding $2,000.00 in "current market value". Rule 13 does not define the term "current market value" and we find no definition of that term in any Missouri case. The term is defined in United States v. Commodities Trading Corp., 339 U.S. 121, l. c. 130, 70 S.Ct. 547, l. c. 553, 94 L.Ed. 707 as "the price which could be obtained in a negotiated sale". That definition gives the term substantially the same meaning as "fair market value", which has been interpreted innumerable times as meaning the amount which a reasonable buyer would give who was willing but did not have to purchase, and what a willing seller would take who was willing but did not have to sell. City of St. Louis v. Union Quarry and Const. Co., Mo.Sup., 394 S.W.2d 300, l. c. 305; Union Electric Co. v. Saale, Mo.Sup., 377 S.W.2d 427, l. c. 429; State ex rel. Board of Regents, etc. v. Moriarty, Mo.App., 361 S.W.2d 133, l. c. 135; Carter v. Matthey Laundry & Dry Cleaning Co., Mo.Sup., 350 S.W.2d 786, l. c. 794.

The probable reason for using the phrase "current market value" in Rule 13 instead of more commonly used phrase "fair market value" may be garnered from the opinion in Akers v. Division of Welfare, Mo.App., 224 S.W.2d 850, l. c. 853, which dealt with the meaning of the term "value" as used in what is now § 208.010, subd. 2(b)(4) V.A.M.S. That opinion holds that the time as of which the valuation must be made is currently, not as of some prior or future date; and subject to that elucidation, "value" in our welfare statutes means "market value". United States v. Commodities Trading Corp., supra, likewise involved the issue of the time as of which valuation is to be made, and word "current" was added to the phrase "market value" for that reason.

er legal title and the contract, the witness answered: "I question that. * * * Q. You think there would have to be some serious consideration as to whether it would be salable? A. Yes. * * *" Claimants also introduced into evidence the sworn appraisal of another realtor, which appraisal reads in part as follows:

"My appraisal of $3,000.00 is based on the condition that this land would be unencumbered and that if there is a valid outstanding and enforceable contract for deed on this property, it would be practically impossible to find a buyer for this property above described."

Considering the record as a whole, there is no evidence that the property encumbered by the contract for sale, or the contract for sale considered separately, or both in combination, are worth as much as $2,000.00. The evidence as a whole shows that there is no current market value. Therefore, the record fails to sustain the finding by the Director that the asset in question is a disqualifying resource.

### III

█ While these proceedings must be remanded for the reason stated under Point II of this opinion, there is still a more fundamental legal error which has been committed against these claimants. Notwithstanding the assurance by the case worker that Tract No. 1 would not be a disqualifying resource for a period of two years after they obtained a new home as suggested by him, no sooner had they complied with the case worker's demands than the Department of Public Health and Welfare terminated all welfare benefits to them. The net result of their reliance upon and cooperation with the Department was that they ended up with an additional expense of $25.00 per month ($50.00 monthly in payments on Tract No. 2 less $25.00 monthly received under the contract for the sale of Tract No. 1). Despite this net loss in their financial situation, the Director insists that they are now somehow less needy than they were before. This position on its face shows that it must contain some fallacy.

In a consideration of the issue here presented, the pivot for all discussion must be the Department's Rule 13. It is this rule upon which the case worker relied and on which he originally gave advice to the claimants. It was that same rule which the Department relied upon when they first decided to terminate benefits to these claimants. Notwithstanding all that, the Director now argues in this Court that Rule 13 is not to be considered at all, on the reasoning that Rule 13 applies only to real estate, and that the claimants no longer are owners of real estate with respect to Tract No. 1. The position which the Director takes now is that the claimants hold only legal title to that tract as trustees for the vendees, and that the vendees are the equitable owners of the land.

Under the circumstances of this case, the Director's present argument cannot be accepted. Unquestionably, the claimants do own legal title to this realty, and indeed their real interest in the land vastly exceeded that of the vendees, who, at the time of hearing had paid in only $200.00. We note also that at all stages of this proceeding, to and including the hearing itself, the Department and all of its representatives were in agreement that the interest in question was an ownership in real estate and was governed by Rule 13. Rule 13, as stated by the case worker, does provide that real estate owned by a welfare recipient shall not be considered as a disqualifying asset until 24 months after the recipient or spouse has occupied the premises as a dwelling. Under all of the circumstances here, we believe that the claimants' interest in Tract No. 1 must be considered as an ownership in real estate and within the scope of Rule 13.

█ There is an exception to this exemption, with which we believe we should deal, although this exception is not mentioned or relied upon by the Director. This

exception provides that if the claimant "purchases a second piece of property and uses it as a home * * * the vacated home shall be considered as an available resource immediately." We do not believe that this later provision should be applicable to the claimants here. This for the reason that the contract which they entered into for Tract No. 2 was not in reality a separate purchase of a second piece of property. Looked at realistically, the purchase contract for Tract No. 2 and the sale contract for Tract No. 1 were two parts of one single integrated transaction, and they together constituted the claimants' best effort to dispose of one home and replace it with another, in accordance with the demand made by the Department of Public Health and Welfare. This exchange of property was still incomplete at the date of the hearing before the Director, and in all justice they should have the two years promised within which to accomplish this.

The statutory section governing eligibility for public assistance is § 208.010 V.A.M.S., which provides that in determining the eligibility of a claimant for public assistance "it shall be the duty of the division of welfare to consider and take into account all facts and circumstances surrounding the claimant." In construing this section, our predecessor court in Powers v. State Department of Public Health and Welfare, 359 S.W.2d 23, 1.c. 26, stated:

"In making this determination we conceive it to be the duty of the director 'to consider and take into account all facts and circumstances' pertinent to the applicant's eligibility and to decide all questions inherent in determining the applicant's eligibility. We think the mentioned statutes call for no less, and that any other approach to the decision the director must make would be unrealistic, would permit uncontemplated injustices to occur, and not be what the legislature intended by these statutes."

Under the peculiar and unique facts and circumstances of this particular case, we hold that Rule 13 should be held applicable and that claimants should have 24 months in accordance with the assurance of the case worker within which to complete the disposal of Tract No. 1. Even if there should be evidence on remand competent to show that Tract No. 1 has a market value in excess of $2,000.00, still under the provisions of Rule 13, claimants' benefits are not terminable as of a date sooner than 24 months after Tract No. 1 was last occupied by them as their dwelling.

The judgment of the court below is reversed and these proceedings are remanded with directions that the cause be remanded to the Department of Public Health and Welfare for a redetermination.

All concur.