Maude L. ROCK, Plaintiff-Appellant,

v.

Barrett TOAN, Director Dept. of Social Services, Defendant-Respondent.

No. 46251.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 9, 1983.

Motion For Rehearing/Transfer to Supreme Court Denied Sept. 15, 1983.

James C. Brandenburg, Clayton, for plaintiff-appellant.

Paul T. Keller, Jefferson City, for defendant-respondent.

CLEMENS, Senior Judge.

Defendant Director denied Mrs. Rock's claim for medical benefits. He contended

she was disqualified for old-age benefits under Chapter 208 RSMo.

Basically, 82-year-old Mrs. Rock was qualified because her ill health required nursing home care. The director however contended she was disqualified from benefits under Section 208.010, subd. 2(1)(a) because she had conveyed in trust to her son her $36,000 home. The director denied Mrs. Rock's claim and on appeal the circuit court affirmed. Her appeal followed. We reverse.

The gist of this appeal is plaintiff's contention the court erred in considering the $36,000 value of her home. This she contends because in determining her eligibility for relief that asset should not have been considered. She bases this on federal law, 42 U.S.C.A., Section 1382b(c)(1) declaring (with our emphasis added):

> "In determining the resources of an individual there shall be included (*but subject to the exclusions under subsection (a) of this section*) any resource owned by such individual ... within the preceding 24 months if such individual ... gave away or sold such resource or interest at less than fair market value of such resource or interest for purpose of establishing eligibility for benefits or assistance under this chapter."

This cited exclusion, Section 1382b(a)(1) 42 U.S.C.A. states:

> "In determining the resources of an individual ... there shall be excluded (1) the home (including the land that appertains thereto)."

Defendant refutes this, contending the cited federal home exclusion statute was optional with the state. He contends this option was rejected by our statute, RSMo. 208.151.1 and (12) declaring:

> "For the purpose of paying medical assistance on behalf of needy person and to comply with Title XIX, Public Law 89–97, 1965 amendments to the Federal Social Security Act (42 U.S.C.A. section 301 et seq.) as amended, the following needy persons shall be eligible to receive medical assistance to the extent and in the manner hereinafter provided: ... (12)

> All persons who would be determined to be eligible for ... total disability benefits ... under the eligibility standards in effect December 31, 1973.... Any rule or portion of a rule promulgated may be suspended by the joint committee on administrative rules if after hearing thereon the committee finds that such rule or portion of the rule is beyond or contrary to the statutory authority of the agency which promulgated the rule, or is inconsistent with the legislative intent of the authorizing statute. The general assembly may reinstate such rule by concurrent resolution signed by the governor."

The record before us does not clearly show, as defendant contends, that the cited dwelling-exclusion federal statute has been legislatively modified by Missouri.

Therefore, we conclude the trial court erred in affirming the defendant's judgment against plaintiff. We reverse and remand to the circuit court for reconsideration of plaintiff's claim for relief.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.