Helen DINEEN, Plaintiff-Respondent,

v.

**MISSOURI STATE DIVISION OF FAMILY SERVICES,**
Defendant-Appellant.

**No. 49272.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 10, 1985.

Paul T. Keller, Kathleen A. Wojciehowski, Dept. of Social Services, Gen. Counsel Div., Jefferson City, for defendant-appellant.

John B. Berkemeyer, Berkemeyer & Barks, Hermann, for plaintiff-respondent.

CARL R. GAERTNER, Judge.

The application of respondent, Helen Dineen, for medical assistance benefits (Medicaid) was denied by appellant, the Division of Family Services, because of her interest in a home and 30 acres of land valued at $35,500.00. The basis for appellant's denial is § 208.010.2, RSMo.Supp.1982, which provides in pertinent part:

Benefits shall not be payable to any claimant who:

   .    .    .    .    .

(5) Owns or possesses property of any kind or character, or has an interest in property, of which he is the record or

beneficial owner, the value of such property, as determined by the division of family services, less encumbrances of record, exceeds twenty thousand five hundred dollars,

Respondent contends the value of her home should be excluded from the determination of her eligibility because of the "homestead exemption" found in 42 U.S.C. § 1382b(a)(1) (1982), which provides for the exclusion of the home and appertaining lands in the determination of the available resources of an applicant for medical assistance.

On review of the decision of the Director of the Division of Family Services, the Circuit Court found that respondent has full control over the fee estate of the home and 30 acres. However, based upon the decision of this court in *Rock v. Toan*, 657 S.W.2d 707 (Mo.App.1983) the court felt constrained to reverse the decision of the Director and order the value of the home and appertaining land excluded from respondent's available resources. For the reasons stated below, we overrule *Rock v. Toan* and reverse the judgment of the trial court.

Resolution of the facial discrepancy between the federal homestead exemption and the Missouri inclusion of homestead as an available resource necessitates consideration of the history of the Medicaid program. The program was originally established in 1965 as Title XIX of the Social Security Act, 79 Stat. 343, as amended, 42 U.S.C. § 1396 et seq. (1982). *Schweiker v. Gray Panthers*, 453 U.S. 34, 36, 101 S.Ct. 2633, 2636, 69 L.Ed.2d 460, 465 (1981). As originally enacted, Medicaid required participating states to provide the "categorically needy" with medical benefits. The categorically needy encompassed the aged, blind, permanently disabled and families with dependent children. *Id.; Randall v.*

*Lukhard*, 536 F.Supp. 723, 726 (W.D.Va. 1982). States were also permitted to offer assistance to the "medically needy"—persons unable to pay for medical expenses but also unqualified for categorical assistance. *Gray Panthers*, 453 U.S. at 37, 101 S.Ct. at 2636. Whether for the categorically needy or the medically needy, states were required to base assessments of financial need only on "such income and resources as are, as determined in accordance with standards prescribed by the Secretary [of Health and Human Services], available to the applicant or recipient." 42 U.S.C. § 1396a(a)(17)(B)(1982 ed.).

Congress revised the Social Security Act in 1972, repealing three of the four "categorical" assistance programs, and enacting Supplemental Security Income for the Aged, Blind, and Disabled (SSI), 42 U.S.C. § 1381 et seq., Pub.L. No. 92–603, 86 Stat. 1465 (1972). Under SSI, the federal government displaced the states by assuming responsibility for funding and for setting standards of need. The more flexible federal standards increased the number of eligible recipients in most states. *Gray Panthers*, 453 U.S. at 38, 101 S.Ct. at 2637.

When the SSI program was implemented, Congress retained the requirement that all recipients of SSI were entitled to Medicaid. It was therefore feared that states would withdraw from the cooperative Medicaid program rather than expand their Medicaid coverage. *Id.* To prevent this from happening, and to avoid undue financial burdens on states, Congress developed what has become known as the "§ 209(b) option." "Under it, States could elect to provide Medicaid assistance only to those individuals who would have been eligible under the state Medicaid plan in effect on January 1, 1972. States thus became either 'SSI States' or '§ 209(b) States' depending on the coverage they offered." [1]

---

1. *Schweiker v. Gray Panthers*, 453 U.S. at 38–39, 101 S.Ct. at 2637–38 (footnotes omitted).

Section 209(b) of the 1972 amendments, as amended, and as set forth in 42 U.S.C. ,§ 1396a(f) (Supp.1985) provides in pertinent part:

Notwithstanding any other provision of this subchapter, except as provided in subsection (e) of this section, no State not eligible to participate in the State plan program established under subchapter XVI of this chapter shall be required to provide medical assistance to any aged, blind, or disabled individual

States which elect to participate in the program, including Missouri, are required to file plans for medical assistance, 42 U.S.C. § 1396 (1982) with the Secretary of Health and Human Services. In states adopting the 209(b) option, the plan may not be more restrictive than the state plan in effect on January 1, 1972. As of 1981, the 209(b) option was in effect in 15 states, including Missouri. *Gray Panthers*, 453 U.S. at 39 n. 6, 101 S.Ct. at 2638 n. 6. Missouri's election of the 209(b) option status is evidenced by the listing of persons eligible to receive medical assistance as set forth in § 208.151, RSMo. 1978. Rather than including all individuals who meet the income and resources requirements of the supplemental security income program, the statute limits such assistance to those meeting the "eligibility standards in effect on December 31, 1973." § 208.151.1(12).[2] This conforms to the exception from total coverage of all SSI recipients authorized by § 1396a(f).

Notwithstanding any other provision of this subchapter ... no State ... shall be required to provide medical assistance to any aged, blind, or disabled individual ... unless such State would be (or would have been) required to provide medical assistance to such individual for such month had its plan for medical assistance approved under this subchapter and in effect on January 1, 1972, been in effect in such month,....

In summary, § 1396a(f) authorizes participating states to limit medical assistance to those meeting the eligibility requirements of the state's plan in effect on January 1, 1972. Missouri elected to exercise this option. Therefore, there is no conflict between the federal law and the Missouri statute and Article VI, cl. 2 of the United States Constitution, the supremacy clause, is not invoked. "A participating state may not deny assistance to persons who meet eligibility standards defined in the Social Security Act *unless Congress has clearly indicated that the standards are permis-*

(within the meaning of subchapter XVI of this chapter) for any month unless such State would be (or would have been) required to provide medical assistance to such individual for such month had its plan for medical assistance approved under this subchapter and in effect on January 1, 1972, been in effect in such month, except that for this purpose any such individual shall be deemed eligible for medical assistance under such State plan if (in addition to meeting such other requirements as are or may be imposed under the State plan) the income of any such individual as determined in accordance with section 1396b(f) of this title (after deducting any supplemental security income payment and State supplementary payment made with respect to such individual, and incurred expenses for medical care as recognized under State law) is not in excess of the standard for medical assistance established under the State plan as in effect on January 1, 1972....

See also 42 C.F.R. § 435.121 (1985):

Individuals in States using more restrictive requirements for Medicaid than the SSI requirements.

(a) The agency may use Medicaid eligibility requirements for the aged, blind, or disabled that are more restrictive than the eligibility requirements for SSI. The agency may be more restrictive in defining blindness or disability, more restrictive in setting financial requirements for income or resources, or both. The requirements may apply to the

aged or the blind or the disabled, or to any combination. For example, the agency may use a more restrictive definition of disability for those applying for Medicaid as disabled and a more restrictive income requirement for those who apply as aged, but provide Medicaid to all individuals receiving SSI on the basis of blindness.

(b) If an agency uses more restrictive requirements under this section—

(1) Each requirement may be no more restrictive than that in effect under the State's Medicaid plan on January 1, 1972, and no more liberal than that applied under SSI or an optional State supplement program that meets the conditions of § 435.230;....

2. The date December 31, 1973 was first utilized in a series of amendments to Chapter 208 of the Missouri Statutes enacted by the first regular session of the 77th General Assembly in 1973 in order to comply with the requirements of the 1972 Congressional revision of the Social Security Act which created the supplemental security income program. 42 U.S.C. § 1381, et seq., Pub.L. No. 92–603, 86 Stat. 1465 (1972). As explained in appellant's brief, lead time to implement the program accounts for the difference between the federal date of January 1, 1972 (42 U.S.C. § 1396a(f)—the 209(b) option) and Missouri's date of December 31, 1973. The discrepancy has no significance as the eligibility requirements were the same on both dates.

*sive." Miller v. Youakim,* 440 U.S. 125, 133–34, 99 S.Ct. 957, 963, 59 L.Ed.2d 194 (1979) (emphasis added); *Townsend v. Swank,* 404 U.S. 282, 92 S.Ct. 502, 30 L.E.2d 448 (1971). Section 1396a(f) constitutes such a clear indication. *Lewis v. Shulimson,* 400 F.Supp. 807, 810 (E.D.Mo. 1975).

In *Rock v. Toan, supra,* this court considered the effect of the Federal homestead exemption, 42 U.S.C. 1382b(a)(1) on the Missouri statute, § 208.010.2(5), which includes "property of any kind" in the determination of eligibility for medical assistance. The court concluded "[t]he record before us does not clearly show, as defendant [Director of Social Services] contends, that the cited dwelling-exclusion federal statute has been legislatively modified by Missouri." Therefore, the court ordered the Director to exclude the value of the applicant's home in determining her available resources. 657 S.W.2d at 708. There is no mention in the opinion of § 1396a(f). We assume, therefore, that the availability and the exercise of the option contained therein was not a part of the record before the court.

On the record before us, we find it clear that Missouri is not required to furnish medical assistance to persons who would not have been eligible for such assistance under the Missouri medical assistance plan in effect on January 1, 1972. Under that plan ownership of an interest in property of any kind with a value in excess of $10,500.00 rendered an individual ineligible. § 208.010.2(4), RSMo. 1969. This section was repealed in 1978; reenacted as § 208.010.2(5) and the disqualifying amount was increased to $20,500.00. Viewing respondent's application under this less restrictive provision, her interest in property with a total value of $36,719.64 renders her ineligible for medical assistance.

Accordingly, *Rock v. Toan,* 657 S.W.2d 707 (Mo.App.1983) is hereby overruled. It is clear that respondent's home and appertaining land must be included in the evaluation of her available resources. Nothing in the record indicates that she was denied a fair hearing. The judgment of the circuit court is reversed and the decision of the Director of the Missouri State Division of Family Services is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.