Joyce K. JACKSON, Appellant,

v.

**MISSOURI DEPARTMENT OF SOCIAL SERVICES, Respondent.**

No. 50826.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 18, 1986.

Susan Lynn Hogan, Columbia, for appellant.

John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Gail R. Klearman, St. Louis, for appellant.

Ofelia Manalang, Dept. of Social Services, Division of Legal Services, Jefferson City, for respondent.

CRIST, Judge.

Joyce K. Jackson (claimant) appeals from a final order of the trial court affirming an order of the Director of the Division of Family Services. After a hearing, the Director found claimant ineligible for medical assistance benefits, based on claimant having resources in excess of $2,000, the statutory maximum. On appeal, claimant asserts there was no substantial evidence her resources exceeded the statutory maximum. We affirm.

Claimant applied for medical assistance benefits from the Division of Family Services (DFS) on February 15, 1985. Claimant's husband informed DFS he owned two acres of land in Wright City, Missouri. Claimant's husband also provided a copy of an exclusive listing contract with a real estate company for the sale of the property. The listing contract stated the real estate agent was to sell the property for $4,000, or for "any other price or terms to which we shall consent." On February 25, 1985, DFS notified claimant she was ineligible for medical assistance benefits, because her resources exceeded $2,000. Claimant subsequently requested a hearing to determine her eligibility for medical assistance benefits.

At the hearing, the listing contract was introduced into evidence. A DFS case worker testified she spoke with the real estate agent named in the listing contract, and he stated the property was worth $4,000. Claimant's husband submitted copies of 1983 and 1984 tax assessments for the property, from which its value was computed at $1,800. He testified he purchased the two acre tract for $500 per acre in 1970. Claimant's husband further testified he did not know what the property was worth, but that it was listed at $4,000 for nine months and no one inquired about it, and he was willing to sell the property for $1,800, because of his wife's deteriorating health. On May 20, 1985, the Director of DFS affirmed the decision to deny claimant's request for medical assistance benefits, because claimant's resources exceeded $2,000.

Claimant asserts there was no competent evidence to support the conclusion her resources exceeded $2,000. Claimant's primary complaint is with the Director's use of the listing contract as evidence of the market value of the property.

Claimant has the burden of proving her eligibility for medical assistance benefits. *McCoy v. State Department of Public Health and Welfare*, 271 S.W.2d 788, 790 (Mo.App.1954). Claimant therefore had the burden of proving her resources did not exceed $2,000. Our review is limited to a determination of whether the Director's decision is supported by competent and substantial evidence, viewing the evidence in the light most favorable to the Director's order. *Collins v. Division of Welfare*, 364 Mo. 1032, 270 S.W.2d 817, 820 (banc 1954).

We believe the Director's decision is supported by competent and substantial evidence. Claimant did not meet her burden of proving her available resources did not exceed $2,000. The only evidence the real estate was worth less than $2,000 was the tax assessments for 1983 and 1984. Claimant's evidence only showed there was no willing buyer of the real estate at the $4,000 listing price, and the value of the property based on tax assessment was $1,800. Claimant was required to show the property had a *market* value of less than $2,000. *See Fraher v. Department of Public Health and Welfare*, 484 S.W.2d 663, 666 (Mo.App.1972). Claimant's husband testified he would accept $1,800 for the property because of his wife's deteriorating health. This is not sufficient evidence of market value. When we view the evidence in the light most favorable to the Director's order, we believe there is substantial evidence claimant did not met her burden of proving her available resources did not exceed $2,000.

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.