Ruby A. WILLIAMS, Appellant,

v.

MISSOURI DEPARTMENT OF SOCIAL SERVICES, Respondent.

No. WD 37920.

Missouri Court of Appeals,
Western District.

Oct. 21, 1986.

Patrick K. McMonigle, Kansas City, for appellant.

Ofelia Manalang, Jefferson City, for respondent.

Before TURNAGE, P.J., and SHANGLER and KENNEDY, JJ.

KENNEDY, Judge.

Ruby A. Williams' application for medical assistance was rejected by the Division of Family Services on the ground that she "[o]wns or possesses cash or securities in the sum of one thousand dollars or more ...", § 208.010.2(4), RSMo Supp. 1984. Mrs. Williams' "security" which was deemed to be worth $1,000 or more was a promissory note payable to her in the original amount of $31,500 payable at the rate of $175 per month without interest over a term of 180 months. The note was dated April 28, 1984, and the first payment was due July 1, 1984. At the time of the hearing before the Director of the Division of Family Services in December, 1984, the monthly payments had been made regularly.

The obligor on the note was Glenna Acker, who was Mrs. Williams' daughter. The note had been given for the purchase price of her undivided one-half interest in a certain residence in Independence, Missouri, which had been owned by Mrs. Williams and Mrs. Acker in equal shares.

The note contained this provision: "This promissory note shall not be assignable to any person, firm, or corporation other than Ruby A. Williams."

The Division's decision was affirmed after a hearing upon administrative appeal and was affirmed by the circuit court upon appeal. It is the agency's decision that we review, not that of the circuit court, and our inquiry is whether the decision is supported (as appellant says it is not) by competent and substantial evidence upon the whole record. *Pummill v. Missouri Division of Family Services,* 674 S.W.2d 647 (Mo.App.1984).

We also affirm.

The parties present us with a very narrow issue. It seems to be conceded that the obligation, except for the non-assignability feature, is worth more than $1,000. The parties assume that the non-assignability clause is valid and that it is effective to prevent Mrs. Williams' assignment of the note. For present purposes we will make the same assumption. Neither does Mrs. Williams challenge the note's characterization as a "security". Mrs. Williams contends, as her only argument, that the non-assignability feature deprives it of any "market value", and that the Division of Family Services is confined to the "market value" standard in determining whether the security has a value of $1,000 or more.

Mrs. Williams cites to us *Davis v. State Department of Public Health & Welfare,* 483 S.W.2d 775, 778 (Mo.App.1972), and *Fraher v. Department of Public Health & Welfare,* 484 S.W.2d 663, 666 (Mo.App. 1972). Those cases are different from the case before us. They involve the intrinsic value of the property itself, and do not involve property which is subject to this kind of absolute restraint of alienation. In *Fraher,* the husband and wife applicants were the owners of a contract which called for the payment to them of a total sum of $8,000 in equal and successive monthly payments of $25 each. The court held that it could not assume that the $8,000 contract had a present market value of $2,000 or more. In the absence of evidence to that effect, the Director's decision that the contract was worth $2,000 or more was not supported by substantial evidence.

In *Davis,* the question was whether an old age assistance recipient had made a transfer of property without receiving fair and valuable consideration therefor. The Division of Welfare had appraised the fee in certain real estate at $5,000, and had

valued the welfare recipient's life estate in accordance with actuarial tables to have a present gross value of $2,040.90. The property was sold to the remainderman by the welfare recipient's guardian for $50 per month for the life of the life tenant, with a minimum total payment of $1,000. The evidence was that the property had fallen into disrepair, and the cost of repair combined with the life tenant's advanced age, had made the life estate unmarketable.

■ Mrs. Williams argues that a security has no value if it has no market value. That is not the case, however, where the security cannot be assigned because of a legal impediment, and which yet has an unmistakable economic value to its owner. In such a case, the finder of fact may consider other factors to determine value. *Assessors of Quincy v. Boston Consolidated Gas Co.*, 309 Mass. 60, 34 N.E.2d 623, 627 (1941). *See also Modern Graphics, Inc., v. Belger Cartage Services, Inc.*, 668 S.W.2d 111, 113 (Mo.App.1984); *Slaughter v. Philadelphia National Bank*, 290 F.Supp. 234, 237–39 (E.D.Pa.1868), *rev'd on other grounds*, 417 F.2d 21 (1969); *Lowery v. The Ellen S. Bouchard*, 166 F.Supp. 491, 492 (N.D.N.Y.1958).

■ We hold that the evidence supports the Director's finding that the note was worth at least $1,000. That amount would be returned to Mrs. Williams each six months in the form of monthly payments. It is significant, too, that she received this note in a negotiated transaction as the purchase consideration for a half-interest in a residence worth $55,000. Furthermore, Mrs. Acker and Mrs. Williams together could waive the non-assignability clause. (We do not say that Mrs. Williams could not waive it herself, without Mrs. Acker's joining in the waiver.) As a matter of economic reality, Mrs. Acker could be expected to join in the waiver, if not voluntarily, at least for consideration much less than the difference between the value of the note if assignable and the $999.99 value allowed by statute.

To fix a value of the note within any reasonably narrow range would require a great deal more evidence than the Director had before him. Had a value of $10,000, for example, been the breaking point, we might have very well held that a finding the note was worth that amount was unsupported by the evidence. *See Fraher, supra.* But we think the evidence was entirely sufficient to support the finding that the note was worth at least $1,000.

Judgment affirmed.

All concur.