Debra WISER, Appellant,

v.

DIVISION OF FAMILY
SERVICES, Respondent.

No. 54193.

Missouri Court of Appeals,
Eastern District,
Division One.

July 26, 1988.

Terry Daley Schwartze, Meramec Area
Legal Aid Corp., Rolla, for appellant.

Donald B. Kammerer, Richard Beaver,
Jefferson City, for respondent.

CRIST, Presiding Judge.

Claimant appeals the order of the circuit court affirming an administrative decision by the Director of the Missouri Division of Family Services (director) denying medical assistance benefits to claimant. We affirm.

Claimant's application was denied for the reason that director found she had available resources in excess of the statutory maximum of $999.99 authorized by § 208.010.2(4), RSMo 1986. On appeal claimant argues there was not substantial evidence to support director's findings. The significant asset in question is a promissory note secured by a deed of trust on property located in Florida.

In 1982, claimant and her husband sold a parcel of real estate located in Florida for $17,000. Buyers paid $5,000 cash and the balance of $12,000 was financed by the promissory note and secured by the deed of trust in issue. Buyers were to pay in installments of $157 per month. In 1986, the secured note was awarded to claimant in a dissolution proceeding.

At claimant's hearing, conflicting evidence was presented concerning the actual value of the note. Mark D. Grieshaber, a Missouri banker, in a letter dated December 5, 1986, stated the note had little or no value in Missouri, but might have some value and be marketable in Florida. In his letter dated December 31, 1986, Edward D. Armbruster, a Florida real estate broker, advised that the mortgage, if payments were current, still had $8,700 due and had a discount value of $6,405.60. Thomas L. Ray, a Missouri attorney, at-

tempted to determine the note's value on claimant's behalf. In his letter dated February 7, 1987, he stated that two different sources valued the note at $3,500, but also noted he had received no offers to purchase the note and until he received an offer he would consider the note worthless. The real estate was valued by Mr. Armbruster at $18,500.

"Claimant has the burden of proving her eligibility for medical assistance benefits.... Our review is limited to a determination of whether the Director's decision is supported by competent and substantial evidence, viewing the evidence in the light most favorable to the Director's order." *Jackson v. Missouri Dept. of Social Services*, 706 S.W.2d 611, 612[1] (Mo.App. 1986).

A review of the record discloses substantial evidence that the note was worth more than $999.99. *See Williams v. Missouri Dept. of Social Services*, 718 S.W.2d 193, 195[3] (Mo.App.1986) (nonassignable promissory note in original amount of $31,500 payable at rate of $175 per month had economic value of at least $1,000).

■ In her second point, claimant contends the note was not an available resource under 13 CSR 40–2.030(10) because she was unable to sell the same. There was evidence that the note was marketable in Florida, and that claimant's efforts to sell the note were minimal. Under these circumstances, we find claimant failed to prove the note was not an available resource.

Judgment affirmed.

DOWD and REINHARD, JJ., concur.