Annie KLIPFEL, Plaintiff–Appellant,

v.

DEPARTMENT OF SOCIAL SERVICES,
DIVISION OF FAMILY SERVICES,
Defendant–Respondent.

No. 57782.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Oct. 30, 1990.

Theodore M. Tahan, Jr., Clayton, for plaintiff-appellant.

Linda M. Shine, Jefferson City, for defendant-respondent.

REINHARD, Judge.

This is an appeal from the determination by the Division of Family Services that claimant is not entitled to medical assistance under Chapter 208, RSMo 1986.

Claimant first applied for medical assistance on June 24, 1987. Her application was rejected on August 19, 1987. She did not appeal. She reapplied on March 31, 1988 and was rejected on May 22, 1988. She requested a hearing that was held on September 28, 1988. On October 31, 1988 the Director again rejected her application. The circuit court affirmed. We also affirm.

In 1984 Claimant placed her assets into an irrevocable trust with her two sons as trustees. The primary trust asset is a 135 acre farm that is operated by a third son in exchange for ⅔ of the profits. The trust specifically allows trustees at their discretion to:

"pay to or apply for the benefit of Grantor [claimant] so much of the net income,

and to the extent it shall not be sufficient, so much of the principle, of the trust estate as in the exercise of Trustee's sole and absolute discretion they deem necessary for the proper upkeep, maintenance and support of Grantor, or to maintain her in the standard of living to which she has been accustomed, or to provide against any emergency which may arise by sickness, accident, ill health, affliction, misfortune or otherwise."

Claimant, at the time of the hearing, was residing in an intermediate care facility because she is suffering from Alzheimer's disease. During testimony by claimant's son it was established that the trust income is not sufficient to pay her medical expenses. He also indicated that as a trustee he did not believe he would be obligated to pay any of her expenses from trust assets. Claimant's daughter testified that she was personally liable for the nursing home expenses and that her own precarious financial position made it unlikely that she could shoulder this financial responsibility.

The Division of Family Services denied claimant's application because under 42 U.S.C. § 1396a(k)[1] the trust fit the definition of a "Medicaid Qualifying Trust" whose assets are judged to be available to claimant. Because the value of the farm was over $25,000 claimant was not eligible for benefits. § 208.010.2(5), RSMo 1986.

■ Claimant does not dispute that her trust falls within the definition of a Medicaid Qualifying Trust. She argues that the Division of Family Services and the circuit court erred in refusing to apply either one of two exceptions to her case.

Claimant's principal complaint is:

"The circuit court erred when it found that claimant had waived the applicability of the undue hardships exception to 42 U.S.C. 1396a(k) because claimant argued the exception at the hearing level and at the circuit court level, thereby preserving the argument for review by the circuit court and the court of appeals, and said exception squarely applies."

We review the agency's decision not that of the circuit court. *Williams v. Missouri Dept. of Social Services*, 718 S.W.2d 193, 194 (Mo.App.1986). In addition, our review of agency action is limited to a determination that substantial evidence supports the agency's decision. *Gamble v. Hoffman*, 732 S.W.2d 890 (Mo.1987). The federal statute governing Medicaid, 42 U.S.C. § 1396a(k)(4), contains the exception cited by claimant:

"The state may waive the application of this subsection with respect to an individual where the state determines that such application would work an undue hardship."

■ The trial court found "the state has not chosen to apply this exception. It is clear from the hearing transcript that claimant never argued that this exception should apply. The first time this was argued was in the appeal to the circuit court." We disagree with the trial court's finding that the claimant had not timely raised the hardship waiver issue. This issue was raised at the administrative hearing and in the trial court. On appeal the only evidence claimant points to in support of her claim of hardship is as follows:

"The record in this case is replete with evidence of the undue hardship Annie [claimant] and her family are suffering as a result of the application of the Medicaid Qualifying Trust provisions. In particular, the statute denies benefits to Annie, an invalid with no possibility of recovering.

Furthermore, Annie's daughter, Judy Frentzel, signed her mother into the nursing home. (Tr. 26). As such, Mrs. Frentzel is legally responsible to pay the nursing home bills for Annie's care. (Tr. 14, 80–81). The monthly bill for this care is in excess of $2,000.00 (Tr. 14, 82). Mrs. Frentzel is a divorced parent of a sixteen (16) year old daughter who lives with her. In addition, although she is

1. The historical background that illuminates this statute and its application to the states, while interesting, is not relevant here. Thus, we decline to discuss it at length. A short history may be found in *Dineen v. Missouri State Div. of Family Services*, 697 S.W.2d 564 (Mo.App.1985).

seeking full-time employment, Mrs. Frentzel is currently working only part-time. Were she to be forced to pay for Mrs. Klipfel's care, Mrs. Frentzel would not be able to meet this huge financial burden. (Tr. 15). Clearly, it would be an undue hardship under 42 U.S.C. § 1396a(k)(4) not to waive the Trust's assets from the consideration of Annie's case."

The claimant misses the mark as to the real issue here. The federal statute states that the state may waive application of § 1396a(k) if it determines that application of the statute would create an undue hardship. The state did not waive application and the Director, after a hearing where claimant raised the issue, implicitly found that the statute's application would not work an undue hardship. Our review of the limited evidence at the hearing reveals no error in the Director's determination. It is not against the weight of the evidence and is supported by substantial competent evidence. *Brown v. Hillhaven Convalescent Center*, 776 S.W.2d 47, 49 (Mo.App. 1989). This point is also denied.

■ Claimant also insists that she be given the benefit of 42 U.S.C. § 1396a(k)(4) which exempts trusts established for the benefit of a mentally retarded person who resides in a facility for the mentally retarded. No medical testimony was presented as to the relationship between mental retardation and Alzheimer's disease. This exception is narrowly written to apply only to mentally retarded individuals. We must construe the statute as written. *State ex rel. Degeere v. Appelquist*, 748 S.W.2d 855 (Mo.App.1988). Point denied.

Judgment affirmed.

CRANDALL, C.J., and CRANE, J., concur.