NELLIE S. COLLINS, Appellant, v. DIVISION OF WELFARE of the State of Missouri, Respondent, No. 44164—270 S. W. (2d) 817.

Court en Banc, September 13, 1954.

*Green & Green, Will H. D. Green* and *H. D. Green* for appellant.

*John M. Dalton*, Attorney General, and *Aubrey R. Hammett, Jr.*, Assistant Attorney General, for respondent.

1034

■■■■■

■■■ CONKLING, C. J.—Nellie S. Collins, appellant, prosecutes this appeal from a judgment of the circuit court of Howell County, Missouri, which judgment affirmed the Decision and Order of the Director of the State Department of Public Health and Welfare, (hereinafter called Director) made March 23, 1953, removing appellant from the state old age assistance rolls. Appellant had been receiving old age assistance benefits since March, 1944. After reinvestigation of appellant's case made in September and October, 1952, to determine appellant's eligibility to continue to receive such public assistance benefits, her name was removed from the rolls in November, 1952, by the Division of Welfare, (hereinafter called Division) on the basis that there was sufficient income in her home to meet the needs of the household.

Upon the appeal of this cause from the circuit court to the Springfield Court of Appeals, that latter court reversed the judgment appealed from, and remanded the cause for a redetermination of the issues by the Director. Thereafter, upon timely motion of the State Department of Public Health and Welfare, we ordered the cause transferred from the Springfield Court of Appeals to this Court because of the general interest and importance of some of the questions herein involved. We consider the cause as if the appeal from the circuit court had been direct to this Court. Article V, Section 10, of the Constitution.

From the Decision and Order of the Director, and from the evidence, it appears that the method followed by Division in determining eligibility for public assistance benefits is to make an investigation of the household income and necessary expenses of the person involved and prepare a household budget which shows, among other things, total income and resources of the applicant and the members of the family unit and the total necessary expenses of the family. If such entire investigation discloses that such income and resources exceed the necessary expenses, the applicant is determined by Division to be ineligible to receive public assistance benefits. It also appears that in September and October, 1952, Division, by its case worker in Howell County,

Missouri, made a re-investigation of appellant's case to determine appellant's eligibility to continue receiving public assistance benefits. In such ▮▮▮ re-investigation a household budget was prepared. That budget is in evidence as Division's Exhibit 1. It showed appellant's net monthly family income, at time of closing, to be $255.47, and the total necessary monthly expenses to be $218.89. Upon such finding Division removed appellant from the rolls in November, 1952: That order of removal from the rolls was then appealed by appellant to the Director. After due notice by the Director a hearing was held before a Referee on March 4, 1953, at West Plains, appellant's home. Appellant was present at such hearing in person and by her present counsel, and evidence was heard. Thereafter, upon the record there made, the Director made Findings of Fact, and his Decision and Order affirmed the action of Division in removing appellant from the rolls.

The Findings of Fact of the Director were as follows:

"Claimant, 75 years of age, lives near West Plains, Howell County, Missouri. Also in the family are claimant's husband, age 65, a son, Joe Collins, age 35, and two grandchildren. The mother of the children was drawing aid to dependent children for them until she left the (appellant's) home. Claimant and her husband declined to ask for aid for their grandchildren, and the aid to dependent children case was closed. Claimant is drawing old age and survivors insurance of $12.50 per month, and her husband is drawing old age and survivors insurance of $25.00 per month. The evidence indicated claimant's husband was working at the time of the closing of claimant's case, but he contends he only made $30.00 last year. The evidence also indicated that at the time of the closing the son, Joe, was regularly employed. At the time of the investigation claimant told the welfare worker none of the family was under the care of a doctor, but at the hearing both claimant and her husband testified they were going to three doctors regularly and have several prescriptions filled each month. The county welfare office prepared and introduced a budget showing the net monthly income, as they found it at the time of the closing, to be $255.47, and expenses of $218.89, leaving a surplus of net income over allowable expenses. There is an item of $32.62 in the budget called Income Margin. This item is 20% of the net income of claimant's son, Joe Collins. This item is allowed as an expense so that he can apply a portion of his income to savings or for the purchase of items not allowed in the budget. It is found there is sufficient income in the home to meet the needs of claimant and other members of the household.' "

▮▮▮ The circuit court's instant judgment affirmed the Director's Findings of Fact and Order and Decision. If the findings and order

1036

of the Director are supported by substantial evidence in the record before us, we may not disturb the judgment appealed from and must affirm it. But if the Director's findings are contrary to the determinative undisputed facts, and are therefore arbitrary and unreasonable we must so find, and reverse the judgment. Kelley v. State Social Security Commission, 236 Mo. App. 1058, 161 S. W. (2) 661, 662, Howlett v. Social Security Commission, 347 Mo. 784, 149 S. W. (2) 806, Morton v. State Social Security Commission, Mo. App., 205 S. W. (2) 272, 274, Hardy v. State Social Security Commission, Mo. App., 187 S. W. (2) 520.

 Respondent's supplemental brief filed in this Court asserts that "* * * this is an appeal from the order of the County Office of the Division of Welfare" removing appellant from the state assistance rolls. That brief argues that we may not here consider "facts and circumstances occurring subsequent to the denial of benefits by the County Welfare worker * * * (which were) not available to anyone at the time of (such) determination of eligibility" (In November, 1952).; and, that to here consider such facts and circumstances, would change this proceeding now before us from a statutory appeal to a trial de novo in this Court.

 We cannot agree with respondent's just above contention. As we read RSMo. 1949, V.A.M.S., Section 208.080, and the 1951 amendment thereof, if benefits are cancelled the applicant may thereupon appeal to the Director, who, after notice, must give applicant a fair hearing in the county of applicant's residence before the Director or a referee; the applicant may be present at such hearing in person and by attorney and may introduce evidence pertinent to applicant's eligibility; the evidence introduced must be preserved and become a part of the record; "and upon the record so made the director of the department of public health and welfare shall determine all questions presented by the appeal, and shall make such decision as to the granting of assistance and the amount thereof as in his opinion is justified and in conformity with the provisions of this chapter." Section 208.100 provides that any applicant aggrieved by the action of the Director by the denial of benefits may appeal to the circuit court.

This appeal therefore is not one "from the order of the County Office of the Division of Welfare." This instant appeal is from the circuit court. The appeal to the circuit court was from the Director's Decision and Order. The statute requires the Director's order to be based "upon the record so made" at the hearing before the Referee or the Director. And upon this appeal we must consider all the evidence heard by the Referee and the record as made before him. And if that "record so made" reflects material facts, circumstances or conditions subsequent to November, 1952, and prior to and including

March 4, 1953, we must consider them. The statutes are not ambiguous in these respects. If that "record so made" presents no substantial evidence to support the Decision and Order of the Director we must so declare.

 Section 208.010 of the statutes, as it stood in effect in March, 1953, provided that if under all the facts and circumstances, appellant "is not found to be in need, assistance shall be denied. The amount of benefits when added to all other income, resources, support and maintenance shall provide such persons with reasonable subsistence compatible with decency and health."

In considering whether upon the entire record before the Director, and now before us, there is substantial evidence to support the Director's findings and order we must consider only the evidence most favorable to the Director's findings and order. That the circuit court might have, or that an appellate court, upon consideration of the record evidence de novo, could reach the opposite conclusion from that reached by the Director is neither of consequence upon, nor determinative of this appeal. Brattin v. State Social Security Commission, Mo. App., 194 S. W. (2d) 536, Hardy v. State Social Security Commission, supra, Morton v. State Social Security Commission, 205 S. W. (2) 272, Mo. App.

In considering whether there is any substantial evidence of record to support the Director's findings and order, an appellate court as a matter of law passes only upon the matters of substance. Questions concerning credibility of witnesses or the weight of the evidence are not before us upon this appeal. "Substantial evidence" is evidence which, if true, has probative force upon the issues, i. e., evidence favoring facts which are such that reasonable men may differ as to whether it establishes them; it is evidence from which the trier or triers of the fact reasonably could find the issues in harmony therewith; it is evidence of a character sufficiently substantial to warrant the trier of facts in finding from it the facts, to establish which the evidence was introduced. State v. Miller, Mo. Sup., 202 S. W. (2) 887, 889, Berkemeier v. Reller, 317 Mo. 614, 296 S. W. 739, 752, State v. Gregory, 339 Mo. 133, 96 S. W. (2) 47, 51, 52.

It appears from the record before us that Division, in September and October, 1952, made a re-investigation of appellant and of all surrounding facts and circumstances, the earnings, income and resources, and the necessary expenses of appellant's family unit; that her family unit consisted of appellant, her husband, Frank, the adult unmarried son, Joseph, and two grandsons, whose ages were five and two; that the family lived in a rented home just outside of West Plains, Missouri; that the agent of Division made visits to the home, sought and received material information from appellant and others therein and those related to them, and from other sources; that Division prepared a household budget reflecting the family in-

come and necessary expenses; that in such re-investigation Joseph Collins (appellant's son) stated to the case worker of the Division that he had a monthly income from wages earned of $164.75 per month; that Frank Collins (appellant's husband) stated he had an income of $21.66 a month; that appellant and her husband receive a total of $37.50 per month as Old Age and Survivors Insurance income; that under Division's duly promulgated Rule 63, the Division's budget debited and credited the sum of $31.56 per month for the two grandsons, i. e., charged that amount as expenses for them and credited it to family income to offset such expenses, the grandsons not being the legal responsibility of appellant; that separate state aid had been granted to the two children prior to August, 1952; that thereafter appellant declined to apply for separate Aid to Dependent Children benefits for the two grandsons; that the rent receipts showed family rent charges of $27.50 per month; that the cost of wood for fuel averaged $2.00 per month; that the cost of electricity for lighting averaged $1.73 per month; the cost of ice for refrigeration averaged $1.51 per month; and that water cost the household seventy-five cents per month and the monthly cost of laundry work was $2.60.

It also appears from the budget, Exhibit 1, and from the testimony, that standard public assistance allowances were made therein as to the monthly expense items of the family unit for food; that allowances are therein made for clothing, personal expenses, insurance, incidentals and medicines, other proper items of family expense, and for lunches purchased at a store by the adult son Joseph; that Joseph drove his father's Chevrolet Pickup truck to work, and that the family budget allowed operation expenses therefor and mileage at five cents per mile; and that Division's budget reflected an income margin of $32.62 per month, which, in effect, budgeted only 80% of Joseph Collins' income.

In their testimony before the Referee, Frank Collins and Joseph Collins, appellant's husband and son, gave some testimony, which, in some respects conflicted with that noted in the two paragraphs just above. Certain items of both income and necessary expense stand disputed and in conflict upon the entire record. Division's budget on the necessary expense items was founded largely upon written receipts as to such items, and partially upon statements made by members of the household. Typical of the testimony for appellant, and of her contentions as to certain expense items, were the following answers: "Well, I judge it would be between * * * and * * * just to make a rough guess at it. * * * Well, I imagine around * * * a month, something like that. * * * I would judge about * * * a month since I moved to that street. * * * I imagine in the last year I have spent over * * * for their clothes. Division did not deny certain contentions of appellant as to certain past expenditures, as

for instance, it did not deny that at times in the past the family had an $85.00 a month grocery bill.

As above noted this appeal is not to be considered here as a trial de novo. This appeal cannot be ruled by any conclusion we could independently reach upon the record now before us, if this case were here for trial de novo. The question instantly before us as an appellate court, and the only question now before us, is whether upon this record there is substantial evidence to support the Order and Decision of the Director, which was affirmed by the judgment of the circuit court.

After careful analysis and upon due consideration of the "record so made" and now here, it is our conclusion, and we so find and rule, that the record presents substantial evidence of such character and probative value that from it the Director and the circuit court could reasonably have found the facts as found by the Director. [822] Such substantial evidence is sufficient to support the above referred to Decision and Order from which the appellant prosecuted her appeal.

This court is therefore compelled to affirm the judgment, and the judgment of the circuit court is accordingly affirmed. It is so ordered. *Hyde, Hollingsworth, Dalton, Leedy,* JJ., *Bennick* and *Cave,* Special Judges, all concur.