**Robert R. and Signa M. HERMANN,**
Appellant,

v.

**DIRECTOR OF REVENUE,**
Respondent.

**No. SC 82897.**

Supreme Court of Missouri,
En Banc.

May 15, 2001.

Rehearing Denied June 26, 2001.

Thomas B. Weaver, J. Kent Lowry, Cynthia A. Sciuto, St. Louis, Sherry L. Doctorian, Jefferson City, for Appellants.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, Eric Anderson, Asst. Attys. Gen., Jefferson City, for Respondent.

WHITE, Judge.

## I.

Robert and Signa Hermann sought review of the Administrative Hearing Commission's (AHC) denial of a tax credit claimed on their 1996 Missouri income tax return for the distributive share of taxes that Hermann Companies, Incorporated (Hermann Companies) paid to the state of Arkansas.[1] The AHC held that where a Missouri S corporation pays taxes in another state when it has elected to use the C corporate form, the tax credit to benefit Missouri S corporation shareholders under section 143.081 does not apply. We affirm.

The Hermanns are married and file joint income tax returns in Missouri. Robert Hermann was a shareholder in Hermann Companies, a closely held Missouri corporation manufacturing food-packaging products. Hermann Companies does approximately eighty percent of it business in Arkansas and the remainder in Missouri. In 1996, Hermann Companies filed an S corporation federal income tax return, an S corporation return for state taxes in Missouri, and a C corporation state tax return in Arkansas. The 1996 Missouri return included a claimed credit of $53,853 for Hermanns' distributive share of taxes that Hermann Companies paid to Arkansas. The income taxes paid to Arkansas by Hermann Companies were paid under the C corporate form and, consequently, the Director of Revenue (Director) determined that the claimed credit pursuant to section 143.081 for S corporations was not applicable.

---

1. All statutory references are to RSMo 2000 unless otherwise specified.

On October 23, 1998, the Director issued a final decision upholding the deficiency notice and demanded further interest accrued. The Hermanns petitioned the AHC for review, and the AHC upheld the Director. The Hermanns now seek review in this Court pursuant to Article V, section 3, as this case involves the construction of the revenue laws of this state.

## II.

Interpretations of the state's revenue laws by the AHC are reviewed de novo and are upheld when authorized by law and supported by competent and substantial evidence upon the record as a whole unless clearly contrary to the reasonable expectations of the General Assembly.[2] "Substantial evidence, is evidence, which if true, has probative force; it is evidence from which the trier of fact reasonably could find the issues in harmony therewith."[3] This Court considers only the evidence most favorable to the agency's decision,[4] and essentially adopts the factual findings of the AHC.[5] Decisions on questions of law made by the AHC are matters for this Court's independent judgment.[6]

The traditional corporation, or "C corporation," as defined under the federal Internal Revenue Code (IRC) Subchapter C, sections 301 through 386, is a separate taxable entity distinct from its shareholders. The C corporation pays income tax on its taxable revenue, and the shareholders include corporate dividends in their own individual taxable income. This creates double taxation on a portion of the corporation's income.

Subchapter S, section 1361, of the IRC, however, allows closely held corporations meeting certain criteria to pass their income through to the individual shareholders similar to a partnership. The shareholders in S corporations pay individual income tax on their pro rata share of corporate income, and the corporation as a separate entity pays no tax. Section 143.471.1 recognizes that S corporations, as defined under the federal IRC, are not subject to Missouri income taxes, and no separate filing is required with the secretary of state to recognize this corporate form. The "pass-through" income from the S corporation to its shareholders is treated like partnership income for Missouri income tax purposes.[7]

Missouri provides a tax credit, under section 143.081.1 for resident individuals, resident estates, and resident trusts "... for the amount of any income tax imposed on him for the taxable year by another

2. *L & R Egg Co. v. Director of Revenue,* 796 S.W.2d 624, 625 (Mo. banc 1990), and *Gott v. Director of Revenue,* 5 S.W.3d 155, 158 (Mo. banc 1999). See also *Becker Electric Co. v. Director of Revenue,* 749 S.W.2d 403, 405 (Mo. banc 1988); and section 621.193.

3. *Prince v. Division of Family Services,* 886 S.W.2d 68, 70 (Mo.App.1994), citing to, *Collins v. Div. of Welfare,* 364 Mo. 1032, 270 S.W.2d 817, 820 (1954).

4. *Id.*

5. *Concord Publishing House, Inc. v. Director of Revenue,* 916 S.W.2d 186, 189 (Mo. banc 1996).

6. *La–Z–Boy Chair Co. v. Director of Economic Development,* 983 S.W.2d 523, 524–25 (Mo. banc 1999); *Brambles Industries, Inc. v. Director of Revenue,* 981 S.W.2d 568, 570 (Mo. banc 1998); and *Hewitt Well Drilling & Pump Service, Inc. v. Director of Revenue,* 847 S.W.2d 795, 797 (Mo. banc 1993). See also section 536.140.

7. *Wolff v. Director of Revenue,* 791 S.W.2d 390, 392 (Mo. banc 1990). See also section 143.471.

state of the United States (or a political subdivision thereof) or the District of Columbia on income derived from sources therein and which is also subject to tax under sections 143.005 to 143.998." This credit is extended to S corporations pursuant to section 143.081.3, which provides:

> For the purposes of this section, in the case of an S corporation, each resident S shareholder shall be considered to have paid a tax imposed on the shareholder in an amount equal to the shareholder's pro rata share of any net income tax paid by the S corporation to a state which does not measure the income of shareholders on an S corporation by reference to the income of the S corporation or where a composite return and composite payments are made in such state on behalf of the S shareholders by the S corporation.

■ Subsection 3 applies in two situations where an S corporation pays income tax. The first is where there is "income tax paid by the S corporation to a state which does not measure the income of shareholders on an S corporation by reference to the income of the S corporation." The second situation is where "a composite return and composite payments are made in such state on behalf of the S shareholders by the S corporation."

■ The Hermanns' sole contention is that the tax credit applies to them because the C corporation taxes paid in Arkansas by Hermann Companies qualify as a composite payment made in behalf of the resident shareholders of the Missouri S corporation. The Hermanns cite to *Herschend v. Director of Revenue*[8] to support the proposition that the distributive share of corporate income tax paid to another state by *or on behalf* of subchapter S corporation stockholders is subject to the credit. In *Herschend*, however, the narrow issue decided by the Court concerned how to classify the tax in question as being either an income tax subject to the credit or a franchise tax not subject to the section 143.081 credit.[9] *Herschend* did not present the issue of first impression before the Court today where a Missouri S corporation has made an election to pay taxes in another state as a C corporation.

■ The construction of section 143.081.3 that the Hermanns argue for is too broad. Tax credits and exemptions are construed strictly and narrowly against the taxpayer.[10] It is important to note that in both situations where the section 143.081 tax credit applies to S corporations the plain language of the statute specifically states that the payment must be made "by the S corporation." Hermann Companies elected to pay the Arkansas income taxes in question as a C corporation. The taxpayer has the burden of proof before the AHC, and the Hermanns fail to meet the statutory requirements under section 143.081.3 to satisfy the burden of proving the tax credit applies to their 1996 tax return under these circumstances.[11]

### III.

■ The decision of the AHC is supported by competent and substantial evi-

8. 896 S.W.2d 458, 459–60 (Mo. banc 1995).

9. *Id.* at 459.

10. *State ex rel. May Dep't Stores Co. v. Koupal,* 835 S.W.2d 318, 320 (Mo. banc 1992); *Spudich v. Director of Revenue,* 745 S.W.2d 677, 682 (Mo. banc 1988); *State ex rel. Union Elec. Co. v. Goldberg,* 578 S.W.2d 921, 923 (Mo. banc 1979); and *Missouri Church of Scientology v. State Tax Commission,* 560 S.W.2d 837, 844 (Mo. banc 1977).

11. See section 621.050.2 and section 136.300.2. See also *Hewitt,* 847 S.W.2d at 797–98.

dence and is affirmed. Where a Missouri S corporation pays taxes in another state when it has elected to use the C corporate form, the tax credit to benefit Missouri S corporation shareholders under section 143.081 does not apply.

PRICE, C.J., LIMBAUGH, HOLSTEIN, WOLFF and BENTON, JJ., concur.

LAURA DENVIR STITH, J., not participating.