SPRINT COMMUNICATIONS
COMPANY, L.P.,
Appellant,

v.

DIRECTOR OF REVENUE,
Respondent.

No. SC 83820.

Supreme Court of Missouri,
En Banc.

Jan. 22, 2002.

Rehearing Denied Feb. 7, 2002.

Anthony M. Whalen, Audra M. Kunkel, Overland Park, KS, for appellant.

Jeremiah W. (Jay) Nixon, Atty. General, Alana M. Barragan–Scott, Asst. Atty. General, Jefferson City, for respondent.

RONNIE L. WHITE, Judge.

Sprint Communications Company, L.P. (Sprint) appeals the summary determination of the Administrative Hearing Commission (AHC) dismissing its tax refund claims against the Director of Revenue (Director) for lack of standing pursuant to section 144.190. The AHC's decision is affirmed.

### I.

Following the determination by this Court that certain technology-related services could be classified as tax-exempt "manufacturing,"[1] Sprint reviewed its service transactions to see if any would qualify for the exemption. Sprint then solicited 105 of its service vendors to whom it had paid sales and use taxes requesting they file tax refunds on their behalf pursuant to section 144.190 or, in the alternative, provide Sprint with the power of attorney authorizing Sprint to pursue the refund claims. Unable to obtain cooperation from

---

1. *IBM Corp. v. Director of Revenue,* 958 S.W.2d 554 (Mo. banc 1997).

six of its vendors, Sprint directly filed for tax refunds from the purchase of these companies' services.[2] The Director declined to process the refund claims related to Sprint's inability to provide the required powers of attorney to seek refunds of the sales or use taxes on behalf of the vendors in question.[3]

Sprint appealed to the AHC alleging that it, not a vendor, was the "real party in interest" and as such Sprint had standing under section 144.190 to demand the refunds. Sprint further contends that not being allowed to pursue its claims would constitute a deprivation of due process and equal protection. The AHC appropriately noted that it does not have the authority to decide constitutional issues[4] and, upon motion by the Director, summarily dismissed Sprint's claim following this Court's construction of section 144.190 in *Galamet Inc. v. Director of Revenue*.[5] Sprint appeals the AHC's decision to this Court pursuant to article V, section 3 of the Missouri Constitution claiming the matter involves the construction of a state revenue law.

## II.

■ "Interpretations of the state's revenue laws by the AHC are reviewed de novo and are upheld when authorized by law and supported by competent and substantial evidence upon the record as a whole unless clearly contrary to the reasonable expectations of the General Assembly."[6] " 'Substantial evidence, is evidence, which if true, has probative force; it is evidence from which the trier of fact reasonably could find the issues in harmony therewith.' "[7] "This Court considers only the evidence most favorable to the agency's decision, and essentially adopts the factual findings of the AHC."[8] "Decisions on questions of law made by the AHC are matters for this Court's independent judgment."[9]

■ As a general rule the sovereign need not refund taxes voluntarily paid even if illegally collected.[10] Section 144.190, however, provides a limited waiver of sovereign immunity to allow the recovery of taxes, penalties, or interest paid that have been illegally or erroneously computed or collected.[11] Statutory provisions waiving sovereign immunity are strictly construed, and when the state consents to be sued, it may prescribe the manner, extent, procedure to be followed, and any other "terms and conditions as it sees fit."[12] The plain language of section 144.190 requires that the person request-

2. The vendors at issue are Wavelinq, Inc. (Texas), IBM (Texas), Sun Microsystems, Inc. (California), Cisco Systems, Inc. (California), General Electric Computer Services (Georgia), and IEX Corporation (Texas). The refunds claimed totaled $1,205,251.86.

3. See Section 32.057.2(1) and (2); 12 CSR 10–41.030.

4. *State Tax Com'n v. Administrative Hearing Com'n*, 641 S.W.2d 69 (Mo. banc 1982).

5. 915 S.W.2d 331 (Mo. banc 1996).

6. *Hermann v. D.I.R.*, 47 S.W.3d 362, 364 (Mo. banc 2001); and section 621.193.

7. *Id.*, citing to, *Collins v. Div. of Welfare*, 364 Mo. 1032, 270 S.W.2d 817, 820 (1954).

8. *Id.*

9. *Id.* See also section 536.140.

10. *Ring v. Metropolitan St. Louis Sewer District*, 969 S.W.2d 716, 718 (Mo. banc 1998).

11. Section 144.190; *Charles v. Spradling*, 524 S.W.2d 820, 823 (Mo. banc 1975).

12. *Richardson v. State Highway & Transp. Com'n*, 863 S.W.2d 876, 879–80 (Mo. banc 1993). See also *McGhee v. Dixon*, 973 S.W.2d 847, 849 (Mo. banc 1998); *Spradling*, 524 S.W.2d at 823.

ing the tax refund be the person "legally obligated to remit the tax."[13] Consequently, it is Sprint's vendors, who are statutorily obligated to collect and remit the sales and use taxes, who must file for the tax refund, not Sprint.[14] Sprint's lack of standing under section 144.190, however, does not result in the constitutional violations it claims.

■ Due process requires that taxpayers be provided with both a "fair opportunity to challenge the accuracy and legal validity of their tax obligation" and a "clear and certain remedy."[15] In addition to the remedy provided under section 144.190, Sprint had an additional remedy afforded by the legislature pursuant to section 144.700. Sprint could have paid the taxes under protest and been granted a hearing before allegedly being deprived of any property interests.[16] Sprint's due process rights were not violated by the AHC's determination.

■ With regard to Sprint's equal protection claim, "A statute that neither touches a fundamental right nor involves a suspect classification will withstand an equal protection challenge if a rational basis for the legislative classification can be found."[17] Sprint does not reference a fundamental right or a suspect classification and rational basis review requires only that the statute be rationally related to a legitimate state purpose.[18] With alternative remedies existing for a purchaser to obtain a refund or protest the tax the legislature cannot be said to have lacked a rational basis for designating the vendor, the party bearing the burden of remittance of the tax, as the party to seek the tax refunds. Sprint did not meet its burden of demonstrating the lack of a rational basis for section 144.190 as enacted and amended.[19]

13. Section 144.190.2; *Galamet*, 915 S.W.2d at 336.

14. See sections 144.060, 144.080, 144.635, 144.650, 144.655.

15. *North Supply Co. v. Director of Revenue*, 29 S.W.3d 378, 379 (Mo. banc 2000) (quoting *McKesson v. Division of Alcoholic Beverages & Tobacco*, 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990)).

16. See *DST Systems, Inc. v. Director of Revenue*, 43 S.W.3d 799 (Mo. banc 2001).

17. *Richardson*, 863 S.W.2d at 879; *Carter v. Director of Revenue, State of Mo.*, 805 S.W.2d 154, 156 (Mo.1991). "Suspect classes are classes, such as those based upon race, national origin, or illegitimacy that for historical reasons command extraordinary protection from the majoritarian political process. Fundamental rights include the rights to free speech, to vote, to freedom of interstate travel, as well as other basic liberties." *Riche v. Director of Revenue*, 987 S.W.2d 331, 336 (Mo. banc 1999).

18. *Riche*, 987 S.W.2d at 337.

19. "The burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it." *Bert v. Director of Revenue* 935 S.W.2d 319, 321 (Mo. banc 1996)(quoting *Airway Drive–In Theatre Co. v. City of St. Ann*, 354 S.W.2d 858, 861–62 (Mo. banc 1962)). It should be noted that Sprint's equal protection argument relied solely on an analogy to the decision in *United States v. Benton* to support the proposition that there is no rational basis for preventing Sprint from pursuing the tax refund on its own behalf. *United States v. Benton*, 975 F.2d 511 (8th Cir.1992). In *Benton*, the Eighth Circuit had held that the United States Government had standing to file a claim for incorrectly paid taxes on its own behalf when it was reimbursing a contractor for state taxes assessed against the contractor. *Id.* at 514. The United States Supreme Court, however, vacated the Eighth Circuit's original judgment and remanded. On remand, the Eighth Circuit held that the United States Government did not have standing to pursue the tax refund directly, standing lied with the party who directly remitted the tax to the State. *United States v. William H. Melcher, Acting Director of Revenue of Missouri*, 508 U.S. 957, 113 S.Ct. 2925, 124 L.Ed.2d 676 (1993);

### III.

The AHC's decision is affirmed.

IMBAUGH, C.J., HOLSTEIN, WOLFF, BENTON and LAURA DENVIR STITH, JJ., HOFF, Sp., J., concur.

PRICE, J., not participating.

*United States v. Janette Lohman, Director of Revenue, State of Missouri,* 21 F.3d 844, 845– 46 (8th Cir.1994).