**EDDIE BAUER, INC., Appellant,**

v.

**DIRECTOR OF REVENUE,**
Respondent.

No. SC 83870.

Supreme Court of Missouri,
En Banc.

Feb. 26, 2002.

Fred O. Marcus, Marilyn A. Wethekam, Brian L. Browdy, Chicago, IL, for Appellant.

Michael R. Annis, Eric G. Enlow, Janette M. Lohman, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, State Solicitor, Jefferson City, for Respondent.

Edward F. Downey, Jefferson City, for Amicus Curiae.

Jean D. Keller, B. Derek Rose, St. Louis, for Amicus Curiae.

STEPHEN N. LIMBAUGH, Jr., Chief Justice.

Eddie Bauer, Inc. (Eddie Bauer), a wholly-owned subsidiary of Spiegel, Inc. (Spiegel), seeks review of a decision of the Administrative Hearing Commission (AHC) affirming the Director of Revenue's (Director) denial of an application for a refund of income taxes paid by Eddie Bauer as a separate company for the years 1995, 1996, and 1997. Eddie Bauer paid these taxes on a separate company basis due to a statutory provision restricting consolidated filings, which this Court has since found unconstitutional. Because resolution of the issues involves the construction of revenue laws, this Court has jurisdiction. Mo. Const. art. V, sec. 3. The decision of the AHC is reversed, and the case is remanded.

## I.

Section 143.431.3(1), RSMo 2000, effective January 1, 1973, imposed a requirement that an affiliated group of corporations must derive 50 percent or more of its income within Missouri, as well as file a federal consolidated income tax return, in order to qualify to file a Missouri consolidated income tax return. As an affiliated group, Spiegel, Eddie Bauer, and several of Spiegel's other subsidiaries (collectively the Spiegel Group) filed federal consolidated income tax returns for the tax years beginning January 1, 1995 through the end of 1997. However, neither Eddie Bauer, nor the Spiegel Group, has ever derived 50 percent or more of its income from sources within Missouri. Therefore, under the statute, Eddie Bauer was relegated to filing separate returns and the Spiegel Group was prohibited from electing the more favorable income tax treatment available for consolidated returns.

In 1998, this Court ruled that insofar as section 143.431.3(1) required an affiliated group to meet the 50 percent income threshold before the group could elect to file a Missouri consolidated return, the statute violated the Commerce Clause. *General Motors Corp. v. Dir. of Revenue*, 981 S.W.2d 561 (Mo. banc 1998). As a result of this Court's severance of the offending provision, the only requirement for electing a consolidated return is that the taxpayer's affiliated group file a federal consolidated return.

After the *General Motors* decision, the Spiegel Group filed amended Missouri consolidated tax returns for the years 1995, 1996, and 1997 under the taxpayer name of "Spiegel, Inc., Eddie Bauer, Inc., and Combined Affiliates," claiming refunds for each of those years. On April 26, 2000, the Director issued a "Final Decision" denying each of the claims. Thereafter, Eddie Bauer filed a complaint with the AHC. On July 9, 2001, the AHC issued an opinion and order denying the refund claims and holding that Eddie Bauer was not entitled to relief because its only remedy was to have withheld payment of the contested taxes and challenged their validity by filing a protest under section 143.631.1, RSMo 2000. This appeal followed.

## II.

■ This Court reviews *de novo* decisions of the AHC interpreting the state's revenue laws, *Hermann v. Director of Revenue*, 47 S.W.3d 362, 364 (Mo. banc 2001), and will uphold such decisions "when authorized by law and supported by competent and substantial evidence upon the record." *Id.*

■ Federal due process requires states to offer taxpayers procedural safeguards against "unlawful exactions." *McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco*, 496 U.S. 18, 36, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990). States may meet this requirement by offering taxpayers a pre-deprivation remedy, which allows the taxpayer a meaningful opportunity to withhold the tax and dispute the amount owed, a post-deprivation remedy, which allows taxpayers to challenge the amount paid and obtain a refund if it is determined the tax was wrongfully collected, or a combination of both. *Id.* at 36–37, 110 S.Ct. 2238.

■ Missouri's income tax laws purport to offer both pre-deprivation and post-deprivation alternatives for contesting the validity of a tax. Section 143.631 allows a taxpayer to withhold payment of the tax and file a written protest with the Director and to request an informal hearing on the matter. Alternatively, under section 143.801, RSMo 2000, a taxpayer may first pay the tax and then claim a refund within three years of filing the return, or within two years of payment, whichever is later. In any event, due process requires that taxpayers be afforded a "meaningful opportunity to secure postpayment relief for taxes already paid pursuant to a tax scheme ultimately found unconstitutional." *McKesson*, 496 U.S. at 26–27, 110 S.Ct. 2238. Therefore, Eddie Bauer must be afforded some sort of remedy because the holding of *General Motors*—that the 50 percent threshold provision of sec. 143.431.3(1) is unconstitutional—must be applied retroactively to similarly situated litigants. *See Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993).

■ The Director contends that a refund is not available under section 143.801 because Eddie Bauer filed the original returns as a separate entity, and the request for refund was filed in the name of the Spiegel Group in order to obtain the benefit of the consolidated return. As the Director explains, Spiegel is not entitled to a refund because Spiegel was not a Missouri taxpayer for the years at issue. In lieu of section 143.801, the Director contends that Eddie Bauer could have, but did not, avail itself of the first alternative by withholding payment of the tax due, filing a consolidated return with Spiegel, and filing a written protest with the Director under section 143.631. That alternative, the Director notes, was the remedy employed successfully by the taxpayer in *General Motors*.

The Director also suggests that Eddie Bauer and Spiegel could have exercised a "dual filing option" whereby Eddie Bauer could have filed as a separate entity and sought a refund under section 143.801, and Spiegel could simultaneously have filed a consolidated return and sought a refund under section 143.801, as well. In that way, both Spiegel and Eddie Bauer would qualify as taxpayers, and one or the other would have been entitled to a refund depending on the outcome of the *General Motors* litigation.

■ Neither of the Director's suggested remedies are viable. The pre-deprivation option of section 143.631, under which Eddie Bauer and Spiegel could have filed a consolidated return, withheld payment, and filed a protest challenging the 50 percent threshold of section 143.431.3(1), would have subjected the taxpayers to the risk of a penalty. Had Eddie Bauer and Spiegel filed a consolidated return in violation of the 50 percent threshold, the Director could have invoked section 143.751.1, RSMo 2000, which provides that if a tax deficiency is due to "negligence or intentional disregard of rules and regulations (but without intent to defraud) there shall be added to the tax an amount equal

to five percent of the deficiency." That was indeed the fate of the taxpayer in *General Motors*. Until the case was overturned on appeal, the Director imposed that five percent penalty—more than $500,000—against General Motors for filing a consolidated return in violation of the 50 percent threshold. In this case, to avoid a penalty, Eddie Bauer had to pay the tax, but therein lies the problem. The United States Supreme Court has held that when a tax must be paid in order to avoid financial penalties, that tax is paid under "duress" in the sense that the state has not provided a fair and meaningful pre-deprivation procedure. *McKesson*, 496 U.S. at 37, 110 S.Ct. 2238. The Director's suggested pre-deprivation procedure does not measure up under *McKesson*.

The "dual filing option" is no less problematic. According to *McKesson*, when taxpayers are relegated to a post-deprivation refund action, "the [s]tate must provide taxpayers with, not only a fair opportunity to challenge the accuracy and legal validity of their tax obligation, but also a 'clear and certain remedy,' for any erroneous or unlawful tax collection to ensure that the opportunity to contest the tax is a meaningful one." *Id.* at 39, 110 S.Ct. 2238 (citations omitted). The "dual filing option" was neither clear nor certain. As to the Spiegel Group, it was prohibited by statute, and the Director points to no case or common practice in which it has been adopted or allowed. An unknown and untested remedy—partly prohibited by statute—is not a clear and certain remedy.

Finally, the Director claims that Eddie Bauer could have challenged the validity of the 50 percent threshold by seeking declaratory and injunctive relief. A substantially similar claim was refuted in *McKesson*, which held that awarding taxpayer declaratory and injunctive relief against continued enforcement of the offending statute was prospective relief only, and, for that reason, did not satisfy the state's obligation under the Due Process Clause, which requires "meaningful backward-looking relief to rectify any unconstitutional deprivation." *Id.* at 31, 110 S.Ct. 2238. Declaratory and injunctive relief are constitutionally inadequate because the taxpayer is not afforded a remedy to recover its payment of unlawful taxes.

### III.

In the absence of a meaningful pre-deprivation or post-deprivation remedy for the unlawful collection of income taxes under section 143.431.3, the decision of the AHC is reversed. The case is remanded for recalculation of income tax liability under the amended consolidated returns filed by Spiegel.

All concur.